**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **MARVIN CRUZ,** | ) |
| | ) |
| **Petitioner,** | ) |
| | ) |
| **v.** | ) **Case No. CIV-26-654-D** |
| | ) |
| **MARKWAYNE MULLIN, Secretary of Homeland** | ) |
| **Security; TODD BLANCHE, Acting United States** | ) |
| **Attorney General; SCARLET GRANT, Warden** | ) |
| **of Cimarron Correctional Facility  et al.,** | ) |
| | ) |
| **Respondents.[1]** | ) |

**ORDER**

Petitioner Marvin Cruz, a noncitizen, proceeding without counsel, filed a Petition

for Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging his detention by U.S.

---

[1] Petitioner named the United States District Court (ECF No. 1:1). "The proper respondent to a habeas petition is the person who has custody over the petitioner." *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (citation modified). Thus, "the default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official." *Id.* at 435. But because ICE "is in complete control of detainees' admissions and release" and is housed within the Department of Homeland Security, "the Acting Attorney General of the United States [Todd Blanche] and the Secretary of Homeland Security [Markwayne Mullin]" are also appropriate respondents. *Rafati v. Barr*, Case No. 20-CIV-411, 2020 WL 12968837, at *1 (E.D. Okla. Dec. 22, 2020) (quoting *Calderon v. Sessions*, 330 F. Supp. 3d 944, 953 (S.D.N.Y. 2018)); *cf. Fonseca-Hernandez v. Longshore*, 6 F. Supp. 3d 1198, 1212 (D. Colo. 2013) ("[T]his Court concludes that either the Attorney General or [the Department of Homeland Security] Secretary is the proper respondent.").

"If a petitioner names the wrong respondent, this Court may simply substitute the correct party." *Dopp v. McCoin,* No. CIV-18-520-D, 2019 WL 3071984, at *2 (W.D. Okla. Feb. 28, 2019), *adopted*, 2019 WL 1952693 (W.D. Okla. May 2, 2019). The undersigned does so here by substituting Markwayne Mullin, Todd Blanche, and Scarlet Grant as respondents.

Immigration and Customs Enforcement (ICE). (ECF No. 1). Chief United States District Judge Timothy J. DeGiusti referred this matter to the undersigned magistrate judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C).

However, as presented the Petition is deficient in that Petitioner did not sign and verify it as required by 28 U.S.C. § 2242. Specifically, the signature portion of the form petition lacks Mr. Cruz's signature and date (*id*. at 9) "a petitioner must hand write his signature in pen and ink: typing a name is not sufficient." *Wynn ex rel. Wynn v. United States*, 2025 WL 1884779, at *1 (E.D. Ky. July 8, 2025) (citing § 11:8 Form of the signature, 1 Federal Rules of Civil Procedure, Rules and Commentary) ("The word 'signature' means a handwritten signature or other hand-placed mark.")). "The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." Fed. R. Civ. P. 11(a).

Petitioner is directed to cure this deficiency on or before **May 5, 2026**. Otherwise, the Court will recommend dismissal of this action without prejudice and without further notice. *See* LCvR3.2(a).

The Clerk of Court is directed to send a copy of the Petition to Mr. Cruz so that he may properly sign and verify in compliance with this Order.

**IT IS SO ORDERED** on April 21, 2026.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE