# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MARVIN CRUZ, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-654-D |
| | ) | |
| MARKWAYNE MULLIN, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Petitioner Marvin Cruz filed a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of El Salvador.[1] Although it is unclear when Petitioner entered the United States, Petitioner alleges that he was detained by the U.S. Immigration and Customs Enforcement (ICE) during a traffic stop on November 17, 2025, and he has been in ICE custody since that time. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner's removal proceedings are ongoing.

Petitioner is currently detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A). Petitioner has not received a bond hearing during his detention. Petitioner asserts that he is being unlawfully detained without a bond hearing, and he requests immediate release or an individualized bond hearing.

The matter was referred to United States Magistrate Judge Shon T. Erwin for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) [Doc. No. 4].

---

[1] *See* https://acis.eoir.justice.gov/en/caseInformation/ (accessed June 5, 2026).

1

Respondents filed a Response in Opposition to the Petition for Writ of Habeas Corpus [Doc. No. 9].

On May 26, 2026, Judge Erwin issued a Report and Recommendation [Doc. No. 10], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Respondents filed a timely Objection to the Report and Recommendation [Doc. No. 11]. Thus, the Court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made" and "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

Respondents object to Judge Erwin's conclusion that § 1226(a) applies to Petitioner's detention, and not § 1225(b)(2)(A), as suggested by Respondents. Generally, "§ 1225 mandates detention without the opportunity for a bond hearing for the noncitizens to whom it applies." *Hernandez v. Baltazar*, No. 1:25-cv-03094-CNS, 2025 WL 2996643, at *3 (D. Colo. Oct. 24, 2025) (citation omitted). In comparison, § 1226 provides the noncitizen with the opportunity for a bond hearing. *Id.*; *see also Aranda v. Olson*, No. 4:25-cv-156-GNS, 2025 WL 3499061, at *4 (W.D. Ky. Dec. 5, 2025) ("Overall, Section 1226(a) provides for a discretionary authority requiring an individualized bond determination before a noncitizen may be taken into custody.") (quotation and citation omitted).

Respondents contend that Petitioner is properly detained pursuant to § 1225(b)(2)(A), which provides:

> Subject to subparagraphs (B) and (C), in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained for a proceeding under section 1229a of this title.

8 U.S.C. § 1225(b)(2)(A). Respondents assert that Petitioner is an "applicant for admission" because he is present in the United States and has not been admitted, citing § 1225(a)(1). *See* 8 U.S.C. § 1225(a)(1) ("An alien present in the United States who has not been admitted … shall be deemed for purposes of this chapter an applicant for admission.").

In previously construing § 1225(b)(2)(A), the undersigned has repeatedly concluded that the subsection "unambiguously requires that an 'applicant for admission' also be 'seeking admission' for the section to control."[2] *See Colin v. Holt*, No. CIV-25-1189-D, 2025 WL 3645176, at *4 (W.D. Okla. Dec. 16, 2025). In their Objection, Respondents contest this conclusion but "acknowledge this Court's prior rulings and understand that the same holding will likely be applied in this case." [Doc. No. 11, at 1].

Upon consideration, the Court continues to conclude that § 1225(b)(2)(A) unambiguously requires that an "applicant for admission" also be "seeking admission" for the subsection to control. Further, this Court has previously declined to find that "refusing

---

[2] On this issue, the Court finds persuasive the analysis provided by the Second Circuit in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d. Cir. 2026). The Court also acknowledges the contrary 2-1 decisions in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) and *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026).

to self-deport constitutes 'seeking admission' for purposes of this subsection." *Cruz-Hernandez*, No. CIV-25-1378-D, 2026 WL 18932, at *1 (W.D. Okla. Jan. 2, 2026).

In this case, the Court agrees with Judge Erwin that because Petitioner has been residing in the United States and was present in the country when he was detained, Petitioner does not fall into the mandatory detention provision of § 1225(b)(2)(A). *See Colin*, 2025 WL 3645176, at *5; *Valdez v. Holt*, No. CIV-25-1250-R, 2025 WL 3709021, at *3 (W.D. Okla. Dec. 22, 2025) ("Because Petitioner has been unlawfully living in the United States for many years without seeking admission, this provision does not apply to him."); *Martinez Diaz v. Holt*, No. CIV-25-1179-J, 2025 WL 3296310, at *3 (W.D. Okla. Nov. 26, 2025) ("Here, Petitioner has resided in the United States for approximately twenty years … and, therefore, is not 'seeking admission' into the United States. Accordingly, the Court finds § 1225(b)(2)(A) inapplicable to Petitioner."). Accordingly, § 1226(a) controls Petitioner's detention.

Having found that § 1226(a) controls Petitioner's detention, and noting no objection by Respondents as to their obligation to provide bond hearings for noncitizens under § 1226(a), the Court concludes that Petitioner is entitled to a bond hearing. *See Hernandez*, 2025 WL 2996643, at *3 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018)) ("Federal regulations also provide that noncitizens detained pursuant to § 1226(a) are entitled to individualized bond hearings.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 10] is **ADOPTED**, and the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**.

4

**IT IS THEREFORE ORDERED** that Respondents shall provide Petitioner with a prompt bond hearing under 8 U.S.C. § 1226(a), or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 15th day of June, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE